# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Jeremia Joseph Loper, | Case No. 18-cv-2623 (JNE/TNL) |
| Petitioner, | |
| v. | **ORDER** |
| Nate Knutson, Warden, | |
| Respondent. | |

Jeremia Joseph Loper, OID# 245753, MCF-Lino Lakes, 7525 Fourth Avenue, Lino Lakes, MN 55014 (pro se Petitioner); and

Michael J. Lieberg, Assistant County Attorney, Stearns County Attorney's Office, 705 Courthouse Square, Room 448, St. Cloud, MN 56303 (for Respondent).

This matter comes before the Court on two motions filed by pro se Petitioner Jeremia Joseph Loper: "Motion for Appointment of Counsel" (ECF No. 16) and "Motion for Filing Extension" (ECF No. 18). Collectively, Petitioner's motions express concern over his ability to comply with the deadline for filing a reply in this matter based on access to his property, including his legal materials, which is in the possession of his state department of corrections agent.[1]

---

[1] Petitioner has also filed a "Notice of Motion and Motion to Compel/Writ of Mandamus" (Mandamus Mot., ECF No. 14), seeking the return of his property. The Court has issued separate a report and recommendation on that motion today as well. (ECF No. 21.)

1

# I. BACKGROUND

On September 7, 2018, Petitioner filed a Petition under 28 U.S.C. § 2254 for a writ of habeas corpus. (ECF No. 1.) Petitioner requested, and the Court granted, a motion for an extension of time to file a memorandum in support of his Petition. (ECF Nos. 2, 5.) On November 1, 2018, the Court issued an Order directing Respondent to file an answer to the Petition, "showing cause why the writ should not be granted." (ECF No. 11 at 1.) Respondent's answer was due within 30 days of the Court's Order. (ECF No. 11 at 1.) If Petitioner elected to file a reply, such reply was due within 30 days of Respondent's answer. (ECF No. 11 at 1.)

While the Petition was being briefed, Petitioner was transferred from one correctional facility to another. (*See* Mandamus Mot. at 1; ECF No. 15.) As part of the transfer process, Petitioner's state department of corrections agent took possession of his property. (Mandamus Mot. at 1.) This included Petitioner's "legal work and . . . contacts" along with "[his] evidence in regards to [his] claims." (Mandamus Mot. at 1.) Petitioner is concerned that he will not get his legal materials back and filed a motion requesting that the Court "compel[] the return of [his] property including his legal files, unmolested to wherever he has been transferred." (Mot. at 1.)

The Court directed Respondent to respond to Petitioner's request that the Court compel the return of his property. (ECF No. 17.) In a letter, Respondent acknowledged that Petitioner's property is in the possession of his state department of corrections agent. (Ltr. at 1, ECF No. 19.) Respondent states that both Petitioner's state department of corrections agent and his case worker at the facility where he is currently incarcerated

"have informed [P]etitioner how to get his property returned to him," but Petitioner has "failed to take the necessary steps for the return of his property." (Ltr. at 1.) Respondent further states that he has no objection to the Court granting Petitioner additional time to file his reply. As of January 29, 2019, Petitioner's property remains with state department of corrections agents. (Traverse at 2, ECF No. 20.)

## II. ANALYSIS

"In civil cases, there is no constitutional or statutory right to appointed counsel." *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013); *accord Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006) (same). This applies with equal force to habeas proceedings. *Knutson v. McNurlin*, No. 15-cv-2807 (DSD/BRT), 2015 WL 9224180, at *2 (D. Minn. Nov. 23, 2015) (citing *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997)), *adopting report and recommendation*, 2015 WL 9165885 (D. Minn. Dec. 16, 2015). Whether to appoint counsel is left to the discretion of the Court. *McCall*, 114 F.3d at 756; *see also, e.g.*, *Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011); *Phillips*, 437 F.3d at 794.

The Court concludes that appointment of counsel is not warranted at this time. Petitioner's filings to date demonstrate his ability to articulate his position to the Court and a basic understanding of legal procedure, including filing motions as a means of seeking relief from the Court. Petitioner's "Traverse" also includes citations to many legal authorities. Petitioner contends that he "has no other means of access to the courts" other than the appointment of counsel based on his incarceration. (ECF No. 16 at 1.) The present motions and the most recently filed "Traverse" demonstrate that Petitioner's access is not

impeded. Further, the factual and legal issues in this habeas proceeding do not appear any more complex than other habeas petitions routinely brought before this Court.

The Court appreciates that Petitioner's current incarceration presents certain challenges to self-representation, including the need to follow certain procedures for the return of his property and the overall availability of legal resources. (*See, e.g.*, ECF No. 18 at 1.) Petitioner's state department of corrections agent and current case worker have told him what needs to be done in order for his property to be returned. The Court recognizes such processes take time. Petitioner has also had difficulty obtaining access to the law library, which has limited his "ability to research and prepare [his] reply." (ECF No. 18 at 1.) Accordingly, the Court finds good cause to grant Petitioner's request for an extension of time to file his reply.

While the request for an extension was pending with the Court, Petitioner recently filed a reply, the "Traverse." In his "Traverse," Petitioner indicates that he still does not have access to his legal materials. (Traverse at 2.) Given that the Court finds good cause to grant the requested extension, Petitioner may file a supplemental reply to his "Traverse" on or before **March 15, 2019**.

### III. RESPONDENT'S EXHIBIT 3

Along with his Response, Respondent submitted an "Appendix to Response," consisting of three exhibits, each of which contain a handful of additional documents. (ECF No. 13.) Among the documents included in Exhibit 3 are "Loper's Affidavits." (ECF Nos. 13, 13-3.) Respondent included two affidavits. (ECF No. 13-3 at 2-3.) In the "Traverse," Petitioner states that he "filed three affidavits with the State post-conviction

4

court, but only two were included in [Respondent's] filing." (Traverse at 2.) Petitioner states that the missing affidavit is "labeled 'Affidavit of Tracey Leet.'" (Traverse at 2.) Petitioner states that he "would remedy this issue and send a copy to the [C]ourt and [R]espondent if he had his property." (Traverse at 2.)

**On or before February 26, 2019**, Respondent is directed to respond to Petitioner's contention that the record is incomplete and, if necessary, supplement the record to include any missing documents.

### IV. ORDER

Based on the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner's "Motion for Appointment of Counsel" (ECF No. 16) is **DENIED WITHOUT PREJUDICE**.

2. Petitioner's "Motion for Filing Extension" (ECF No. 18) is **GRANTED**.

3. **On or before March 15, 2019**, Petitioner may file a supplemental reply to his "Traverse."

4. **On or before February 26, 2019**, Respondent is directed to respond to Petitioner's contention that the record is incomplete and, if necessary, supplement the record to include any missing documents.

5. Thereafter, no further submissions from either party will be permitted except as expressly authorized by Court order.

Date: February      8     , 2019            *s/ Tony N. Leung*
                                                          Tony N. Leung
                                                          United States Magistrate Judge
                                                          District of Minnesota

                                                          *Loper v. Knutson*
                                                          Case No. 18-cv-2623 (JNE/TNL)