UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Jeremia Joseph Loper, | Case No. 18-cv-2623 (JNE/TNL) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Nate Knutson, Warden, | |
| Respondent. | |

Jeremia Joseph Loper, OID No. 245753, MCF-Lino Lakes, 7525 4th Avenue, Lino Lakes, MN 55014 (*pro se* Petitioner); and

Michael J. Lieberg, Assistant Stearns County Attorney, Stearns County Attorney's Office, 705 Courthouse Square Room 448, St. Cloud MN 56303 (for Respondent).

This matter is before the Court, U.S. Magistrate Judge Tony N. Leung, on a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. (Pet., ECF No. 1). This action has been referred to the undersigned magistrate judge for a report and recommendation to the Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota, under 28 U.S.C. § 636 and Local Rule 72.2(b). Based on all the files, records, and proceedings herein, and for the reasons set forth below, this Court recommends that the petition be denied and dismissed with prejudice.

I.  PROCEDURAL AND FACTUAL BACKGROUND

A. State District Court

At some point during 2011, Petitioner Jeremia Joseph Loper "lived in an apartment above Z.C.S. in a fourplex in Sartell, Minnesota." *State v. Loper*, 2016 WL 764140, at *1

(Minn. App. Feb. 29, 2016).[1] At the time, Z.C.S. was 10 or 11 years. *Id*. Loper was 19 or 20 years old. *Id*. That year, Z.C.S. was playing tag with Loper, her brother, and another young boy when everyone ended up in a "dog pile." *Id*. While in the dog pile, Loper "put his hand up [Z.C.S.'s] shirt and 'grabbed her boob' on her bare skin with a 'squeezing' motion for longer than a few seconds." *Id*. Later that summer, Z.C.S. and her brother went to Loper's residence to watch a move. *Id*. There, Loper "'snapped' [Z.C.S.'s] training bra and asked her to 'flash' him." *Id*.

The State of Minnesota charged Loper with one count of second-degree criminal sexual conduct in violation of Minnesota Statutes section 609.343, subdivision 1(a) (2010) and attempted indecent exposure in violation of Minnesota Statutes sections 609.17 and 617.21, subdivision 2(1). *Id*. Following a bench trial, Loper was found guilty on all charges. *Id*.

### B. Loper's Direct Appeal

Loper, through counsel, appealed to the Minnesota Court of Appeals. He argued that the evidence was insufficient to establish that he touched Z.C.S.'s breast with sexual or aggressive intent. *Id*; (ECF No. 13-1, pp. 2-16). The Minnesota Court of Appeals concluded that there was sufficient circumstantial evidence to uphold the state trial court's verdict and affirmed the conviction. *Loper*, 2016 WL 764140, at *2. Loper then sought review by the Minnesota Supreme Court. (ECF No. 13-1, pp. 51-57). The Minnesota Supreme Court denied Loper's petition for review on May 17, 2016.

---

[1] A copy of this decision can be found at pages 46 through 48 of ECF No. 13-1.

### C. Loper's Post-Conviction Petition

Loper then filed a pro se postconviction petition for relief in the Stearns County District Court.[2] He sought relief on seven grounds: (1) prosecutorial misconduct; (2) ineffective assistance of appellate and trial counsel; (3) due process violations related to denial of access to the courts; (4) failure to be informed of his right to counsel for the presentence investigation process and to provide him a copy of the presentence report; (5) failure by the court to protect Loper's rights; (6) failure of the trial judge to recuse herself; and (7) insufficient evidence. (ECF No. 13-2, pp. 35-36). Loper also filed a separate addendum in which he argued that the State inappropriately introduced bad acts evidence at trial. (ECF No. 13-2, p. 36). The postconviction court determined that most of Loper's claims were barred by the rule announced in *State v. Knaffla*, 243 N.W.2d 737, 741 (Minn. 1976). (ECF No. 13-2, p. 37). The postconviction court considered the merits of only two claims: (1) ineffective assistance of appellate counsel and (2) due process violations based on Loper's claim that he was denied access to the courts. (ECF No. 13-2, p. 37).

Loper argued that appellate counsel was ineffective for failing to argue that trial counsel was ineffective for failing to object to redactions made in Loper's statement to law enforcement. (ECF No. 13-2, p. 42). The postconviction court denied relief, concluding that Loper did not demonstrate that appellate counsel's performance was unreasonable or that the outcome of his appeal would have been different. (ECF No. 13-2, p. 42). In reaching this decision, the postconviction court noted that the State redacted Loper's

---

[2] Loper, through counsel, also filed a motion to correct sentence. (ECF No. 13-2, p. 34). That motion is not relevant to any of the issues before the Court.

3

statement in order to remove references to other allegations of sexual misconduct made against Loper. (ECF No. 13-2, p. 42). As a result, the postconviction court concluded that the redactions actually benefitted Loper.

Loper also argued that he was denied access to the courts because he was transferred from one jail to another in retaliation for appealing his case; because the jail required him to pay for envelopes to contact his attorney; and because the jail denied him adequate time in the prison library. (ECF no. 13-2, p. 43). The postconviction court concluded Loper had proper access to the courts because he was represented by a public defender on appeal and because he failed to demonstrate how his jail facilities prevented him from making any filings. (ECF No. 13-2, p. 43). The postconviction court also noted that Loper's complaints regarding transfer were not properly raised in a postconviction petition. (ECF No. 13-2, p. 44).

Loper appealed the postconviction court's decision to the Minnesota Court of Appeals. (ECF No. 13-2, pp. 2-32). He again argued that appellate counsel was ineffective and that he was denied access to the courts. He further claimed that the ineffective assistance of appellate counsel and denial of access to the courts excused his failure to bring claims that the postconviction court determined were *Knaffla*-barred. The Minnesota Court of Appeals affirmed the decision of the postconviction court. *See Loper v. State*, 2018 WL 3826274, at *1 (Minn. App. Aug. 13, 2018).[3]

---

[3] A copy of this decision can be found at ECF No. 13-2, pages 84 through 88.

Loper then filed a petition for review with the Minnesota Supreme Court. (ECF No. 13-2, pp. 89-98). He asked that the Minnesota Supreme Court grant review on the grounds that appellate counsel's refusal to bring certain "claims," combined with Loper's inability to file a supplemental brief, violated his First Amendment rights. (ECF No. 13-3, p. 90). He also argued that the postconviction court's decision was based on clearly erroneous findings and that an evidentiary hearing should be ordered to assess the credibility of individuals who submitted affidavits on his behalf. (ECF No. 13-3, pp. 90-91). Finally, he questioned whether "the practice in Minnesota allowing counsel to refuse to bring claims on the grounds of 'merit' conflict[ed] with existing U.S. Supreme Court decisions." (ECF No. 13-3, p. 91). The Minnesota Supreme Court denied review on September 26, 2018.

### D. Federal Habeas Petition

Loper now seeks federal habeas review. He raises four grounds for relief. First, he argues that trial and appellate counsel's performance fell below reasonable competence in violation of his Sixth and Fourteenth Amendment rights. (ECF No. 1, pp. 4-8). Second, he argues that his due process rights under the Fourteenth Amendment were violated because of prosecutorial misconduct. (ECF No. 1, pp. 8-11). Third, he argues that he was denied access to the courts, in violation of his First Amendment rights, because he was denied the opportunity to file a supplemental brief in support of his direct appeal. (ECF No. 1, pp. 11-14). Finally, he seeks relief on any "other ground(s) the Court may find." (ECF No. 1, pp. 14-18). Respondent answered the petition, arguing that Loper's claims were procedurally defaulted, or alternatively, failed on their merits. (ECF No. 12, p. 2). Loper filed a "Traverse" in response. (ECF No. 20).

5

## II.   ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 governs a federal court's review of habeas corpus petitions filed by state prisoners. Section 2254 is used by state prisoners alleging they are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A federal court may not grant habeas corpus relief to a state prisoner on any issue decided on the merits by a state court unless the proceeding "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or it "(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

A state prisoner "must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *see* 28 U.S.C. § 2254(b)(1). "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citation omitted). "To be fairly presented 'a petitioner is required to refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue.'" *Cox v. Burger*, 398 F.3d 1025, 1031 (8th Cir. 2005) (quoting *Barrett v. Acevedo*, 169 F.3d 1155, 1161–62 (8th Cir. 1999)).

However, "[p]resenting a claim that is merely similar to the federal habeas claim is not sufficient to satisfy the fairly presented requirement." *Cox*, 398 F.3d at 1031 (quoting *Barrett*, 169 F.3d at 1161-62). Additionally, "a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." *Baldwin*, 541 U.S. at 32.

Most of Loper's claims are unexhausted. First, Loper argues that appellate counsel provided ineffective assistance because: (1) Loper was denied the right to private consultation with counsel; (2) appellate counsel did not argue that trial counsel was ineffective on appeal; (3) appellate counsel did not review claims regarding redactions to a statement Loper made to police; and (4) appellate counsel did not raise a prosecutorial misconduct argument on appeal. (ECF No. 10, p. 12-17). He argued that appellate counsel's performance violated his Sixth and Fourteenth Amendment rights. But in his petition for review before the Minnesota Supreme Court, Loper claimed only that appellate counsel's refusal to bring certain "claims," combined with Loper's inability to file a supplemental brief, violated his First Amendment rights. (ECF No. 13-3, p. 90). He also sought review on whether "the practice in Minnesota allowing counsel to refuse to bring claims on the grounds of 'merit' conflict[ed] with existing U.S. Supreme Court decisions." (ECF No. 13-3, p. 91). Loper did not indicate that he sought review under the Sixth or Fourteenth Amendment. More importantly, he did not identify the specific issues that he believed appellate counsel should have raised on appeal. Thus, Loper does not seek habeas

7

relief on the same grounds for which he sought review at the Minnesota Supreme Court. His ineffective assistance of appellate counsel claim is therefore unexhausted.

The fact that Loper seeks review on the grounds that appellate counsel refused to bring certain "claims" on appeal is insufficient to exhaust this issue for purposes of habeas relief. To preserve a claim for habeas review, a petitioner must identify "the specific acts or omissions of counsel that form the basis" for the ineffective assistance claim. *Johnson v. Hulett*, 574 F.3d 428, 432 (7th Cir. 2009). The "failure to alert the state court to a complaint about one aspect of counsel's assistance will lead to a procedural default." *Stevens v. McBride*, 489 F.3d 883, 894 (7th Cir. 2007). And the fact that Loper identified certain issues in his postconviction petition that he contends appellate counsel should have raised is insufficient. A claim is not fairly presented if the reviewing state court must read beyond the petition for review to consider it. *See Baldwin*, 541 U.S. at 32. In this case, each individual issue that Loper contends appellate counsel should have raised on appeal would constitute a specific act or omission giving rise to an ineffective assistance claim. Because Loper did not identify in his petition for review before the Minnesota Supreme Court the specific issues that he contends appellate counsel should have raised, he has not properly preserved those claims for habeas review.

The Court reaches the same conclusion regarding Loper's prosecutorial misconduct and ineffective assistance of trial counsel claims. Loper did not present either claim to the Minnesota Supreme Court, either on direct appeal from his conviction or on appeal following denial of his petition for postconviction relief. Though Loper argued these claims

8

to the Minnesota Court of Appeals or the postconviction court, his failure to raise them in his petition for review means they are unexhausted.

If a habeas petition contains claims that have not been exhausted in the state courts, the reviewing court "must then determine whether the petitioner has complied with state procedural rules governing post-conviction proceedings, i.e., whether a state court would accord the petitioner a hearing on the merits." *McCall v. Benson*, 114 F.3d 754, 757 (8th Cir. 1997) (citing *Harris v. Reed*, 489 U.S. 255, 268–70 (1989) (O'Connor, J., concurring)). "A state prisoner procedurally defaults a claim when he violates a state procedural rule that independently and adequately bars direct review of the claim by the United States Supreme Court." *Clemons v. Luebbers*, 381 F.3d 744, 750 (8th Cir. 2004) (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)). Thus, "a state prisoner who fails to satisfy state procedural requirements forfeits his right to present his federal claim through a federal habeas corpus petition, unless he can meet strict cause and prejudice or actual innocence standards." *Clemons*, 381 F.3d at 750 (citing *Murray v. Carrier*, 477 U.S. 478, 493-96 (1986)).

For the federal court to enforce a state procedural bar, it must be clear that the state court would hold the claim procedurally barred. *Clemons*, 381 F.3d at 750. The relevant question then becomes "whether there is, under the law of [Minnesota], any presently available state procedure for the determination of the merit of th[ese] claim[s]." *Thomas v. Wyrick*, 622 F.2d 411, 413 (8th Cir. 1980). In this case, Minnesota law provides that once the petitioner has directly appealed his sentence "all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction

9

relief." *State v. Knaffla*, 243 N.W.2d 737, 741 (Minn. 1976); *McCall v. Benson*, 114 F.3d 754, 757 (8th Cir. 1997). Likewise, "claims asserted in a second or subsequent postconviction petition are procedurally barred if they could have been raised . . . in the first postconviction petition." *Schleicher v. State*, 718 N.W.2d 440, 449 (Minn. 2006). "Claims are considered 'known' [under the *Knaffla* rule] if they were available after trial and could have been raised on direct appeal." *Vann v. Smith*, Case No. 13-cv-893, 2015 WL 520565, at *6 (D. Minn. Feb. 9, 2015) (citing *Townsend v. State*, 723 N.W.2d 14, 18 (Minn. 2006)).

Each of Loper's unexhausted claims is procedurally barred. His claims regarding prosecutorial misconduct and ineffective assistance of trial counsel were known to him following trial, but were not raised on direct appeal. Under Minnesota law, they therefore cannot be considered in a subsequent postconviction petition for relief. *See Knaffla*, 243 N.W.2d at 741. Likewise, Loper's ineffective assistance of appellate counsel claims were known to him at the time that he filed his postconviction petition for relief. He therefore cannot bring those claims in a second postconviction petition. *See Schleicher*, 718 N.W.2d at 449.

"Out of respect for finality, comity, and the orderly administration of justice, a federal court will not entertain a procedurally defaulted constitutional claim in a petition for habeas corpus absent a showing of cause and prejudice to excuse the default." *Dretke v. Haley*, 541 U.S. 386, 388 (2004). "The cause and prejudice requirement shows due regard for States' finality and comity interests while ensuring that 'fundamental fairness remains the central concern of the writ of habeas corpus.'" *Id.* at 393 (quoting *Strickland*

10

*v. Washington*, 466 U.S. 668, 697 (1984)). "This rule is nearly absolute, barring procedurally-defaulted petitions unless a habeas petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or show actual innocence." *Reagan v. Norris*, 279 F.3d 651, 656 (8th Cir. 2002) (internal citations and quotation omitted); *Martinez v. Ryan*, 132 S. Ct. 1309, 1316 (2012); *Coleman v. Thompson*, 501 U.S. 722, 750–51 (1991). If a prisoner fails to demonstrate cause, the court need not address prejudice. *Mathenia v. Delo*, 99 F.3d 1476, 1481 (8th Cir. 1996).

To obtain review of a defaulted constitutional claim, "the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). "Some examples of factors external to the defense which prevent a petitioner from developing the factual or legal basis of a claim are interference by the state, ineffective assistance of counsel, conflicts of interest, and legal novelty." *Mathenia*, 99 F.3d at 1480-81 (8th Cir. 1996). Ineffective assistance of counsel claims generally must "be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." *Murray*, 477 U.S. at 488–89.

Loper does not argue that his claims are novel or that a conflict of interest prevented him from bringing any of his claims. Nor does he argue, regarding his ineffective assistance of appellate counsel claim, that the State or appellate counsel impeded this claim. Indeed, Loper raised a claim of ineffective assistance of appellate counsel in the first postconviction

11

petition that he filed following his direct appeal. Thus, he cannot claim that external factors prevented him from bringing this claim.

Loper does, however, claim to have demonstrated sufficient cause and prejudice to excuse the default on his prosecutorial misconduct and ineffective assistance of trial counsel claims. He first argues that his default was excused because appellate counsel was ineffective for failing to raise those issues on direct appeal. But, for the reasons discussed above, Loper has not properly presented his ineffective assistance of appellate counsel claims to the state courts for review. He therefore cannot rely on the ineffective assistance of appellate counsel as cause for his procedural default. *See id*.

Loper next argues that he was unable to bring his ineffective assistance of trial counsel and prosecutorial misconduct claims on direct appeal because his jail did not provide him the opportunity to file a supplemental brief. He further argues that, in addition to excusing his default on other claims, his inability to file a supplemental brief constitutes a separate and independent ground on which the Court can grant him habeas relief. Because Loper raised this issue in his postconviction petition and on appeal up through the Minnesota Supreme Court, this Court will consider whether Loper's claim of lack of access to the courts excuses his default regarding his prosecutorial misconduct and ineffective assistance of trial counsel claims, as well as whether Loper is entitled to habeas relief on the merits of that claim.

A criminal defendant's "right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the

12

law." *Bounds v. Smith,* 430 U.S. 817, 828, (1977). In addition, "a petitioner claiming lack of access to the courts must show that 'the lack of a library or the attorney's inadequacies hindered [his] efforts to proceed with a legal claim in a criminal appeal, postconviction matter, or civil rights action seeking to vindicate basic constitutional rights.'" *Lamp v. Iowa*, 122 F.3d 1100, 1105 (8th Cir. 1997) (quoting *Sabers v. Delano,* 100 F.3d 82, 84 (8th Cir. 1996) (per curiam)) (alteration in original). Because a lack of access to legal materials or a legal assistance program may violate a habeas petitioner's First Amendment rights, the petitioner may establish cause to excuse a procedural default by showing that he or she did not have adequate access to the courts. *See Spencer v. Magrady*, 10-cv-703, 2010 WL 5830500, at *6-*7 (E.D. Penn. Dec. 1, 2010) (collecting cases). "A prisoner has access to the courts if the state provides the prisoner the capability to bring challenges before the courts." *Williams v. Norris*, 80 F. App'x 535, 536 (8th Cir. 2003)

In this case, Loper defaulted on his prosecutorial misconduct and ineffective assistance of trial counsel claims by failing to raise them on direct appeal, when he was represented by counsel. Because counsel represented him on direct appeal, his right of access to the courts was satisfied. *Bounds,* 430 U.S. at 828; *Hause v. Vaught*, 993 F.2d 1079, 1084 (4th Cir. 1993). Thus, his claim of inadequate access to the courts must fail, both on the merits and as cause for default.

Finally, Loper claims actual innocence. To bring an actual innocence claim, the petitioner must satisfy a two-part test. First, the petitioner must support his claim "of constitutional error . . . 'with new reliable evidence . . . that was not presented at trial.'" *Bowman v. Gammon*, 85 F.3d 1339, 1346 (8th Cir. 1996) (quoting *Schlup v. Delo*, 513 U.S.

298, 324 (1995)). Evidence is considered new "only if it was not available at trial and could not have been discovered earlier through the exercise of due diligence." *Johnson v. Norris*, 170 F.3d 816, 818 (8th Cir. 1999) (quoting *Amrine v. Bowersox*, 128 F.3d 1222, 1230 (8th Cir. 1997). Second, the petitioner must show that "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Schlup*, 513 U.S. at 327. It is the rare case that satisfies this standard. *Hamilton v. Roehrich*, 628 F. Supp. 2d 1033, 1049 (D. Minn. 2009).

In this case, Loper relies on several affidavits that he claims establish his innocence. In the first affidavit, Kristin Westegard indicates that Loper did not visit her at her residence during the evening or when it was dark. (ECF No. 13-3, p. 2). She further states that Loper did "not [reside] at her residence during the summer of 2011. More specifically the months of May to August." (ECF No. 13-3, p. 2). In the second affidavit, Tyler Henne and Jade Krause indicate that Loper did not reside at their residence from May to August 2011, nor visit their home at night. (ECF No. 13-3, p. 2). They further state that Loper did not attend a bonfire at their house that summer and that Loper's trial attorney never asked them if Loper lived at their residence that summer. (ECF No. 13-3). In the third affidavit, Tracey Leet indicates that Loper lived with two other individuals in Sartell and that he commuted to St. Cloud. (ECF No. 25). She further stated that she interacted with Loper socially on multiple occasions. (ECF No. 25). In the final affidavit, Krause indicates that Loper did not live at her residence until after summer 2011. (ECF No. 28).

The Court need not determine whether Loper should have been able to discover this evidence through the exercise of due diligence. Even assuming this testimony was not

14

available to him at trial, his actual innocence claim must fail because he does not establish that this evidence would have affected the outcome of his trial. Loper did not identify who these individuals were, nor explain what their relationship was to him or the minor child in this case. It appears, however, that Loper is arguing that these witnesses would testify that he did not live at the same residence as Z.C.S. until August 2011. Assuming this to be the case, Loper does not meet the high standard necessary to establish actual innocence. The state trial court found that the offense occurred sometime during 2011. And in his statement to the police, Loper admitted that he had been at the address in question at some point. (ECF No. 13-3, p. 6). A reasonable juror could therefore conclude that the statements that Loper made to the police were more credible than the testimony of his affiants. A reasonable juror could also conclude that the offense took place during or after August 2011, when Loper lived in the residence in question. As a result, Loper is not entitled to habeas relief.

Finally, Loper asks that the Court grant relief on "[a]ny other grounds the Court may find." (ECF No. 1, p. 14). This Court may not "consider issues or grounds for relief that were not alleged in a petitioner's habeas petition." *Frey v. Schuetzle*, 78 F.3d 359, 360 (8th Cir. 1996). Accordingly, the Court declines to review the record and identify any other bases on which Loper might seek habeas relief.

### III.   Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing § 2254 Cases in the United States District Courts, the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appeal may issue only upon a

showing that the issues raised by the Petitioner satisfy the standard set forth in 28 U.S.C. § 2253(c)(2). Rule 11(a), Rules Governing § 2254 Cases in the United States District Courts. Under that statute, federal district courts may not grant a certificate of appealability unless the prisoner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this standard, the petitioner must show "that the issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Flieger v. Delo*, 16 F.3d 878, 882–83 (8th Cir. 1994). For purposes of appeal under 28 U.S.C. § 2253, this Court concludes that it is unlikely that reasonable jurists would find the question of whether to dismiss Loper's petition debatable, or that some other court would decide this petition differently. Further, the issues raised by Loper are not unique and do not otherwise call for further proceedings. This Court therefore recommends that a certificate of appealability not issue.

### IV.    RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. The Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, (ECF No. 1), be **DENIED** and **DISMISSED WITH PREJUDICE**.

2. A certificate of appealability not issue.


Date:   April 16, 2019                                         *s/ Tony N. Leung*
                                                               Tony N. Leung
                                                               United States Magistrate Judge
                                                               District of Minnesota

                                                               *Loper v. Knutson*
                                                               Case No. 18-cv-2623 (JNE/TNL)

## **NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).