UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Jeremia Joseph Loper,

        Petitioner,

v().                                                             Case No. 18-cv-2623 (JNE/TNL)
                                                           ORDER

Nate Knutson, *Warden*,

        Respondent.

On September 7, 2018, Petitioner Jeremia Joseph Loper filed a Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus in the above-captioned case. ECF No. 1. In a Report and Recommendation ("R&R") dated February 8, 2019, the Honorable Tony N. Leung, United States Magistrate Judge, recommended that the Court deny Mr. Loper's Petition and dismiss the action with prejudice. ECF No. 31. Mr. Loper objected to the R&R. ECF No. 34. The Court conducted a de novo review of the record. *See* Fed. R. Civ. P. 72(b)(3); D. Minn. LR 72.2(b). For the following reasons, the Court overrules Mr. Loper's objections and accepts the recommended disposition.

First, Mr. Loper objects to the R&R's finding that his ineffective assistance of appellate counsel claim was unexhausted and procedurally defaulted. The Magistrate Judge explained that Mr. Loper "did not identify in his petition for review before the Minnesota Supreme Court the specific issues that he contends appellate counsel should have raised." R&R at 8. The Magistrate Judge further reasoned that the ineffective assistance of appellate counsel claim was procedurally defaulted because Mr. Loper knew of the claim when he filed his first postconviction appeal and could not bring it on a

1

second postconviction appeal pursuant to the *Knaffla* rule.[1] *See Colbert v. State*, 870 N.W.2d 616, 626 (Minn. 2015) (citing *Hooper v. State*, 838 N.W.2d 775, 787 (Minn. 2013)) (stating that "the *Knaffla* rule bars consideration of claims that were raised, or could have been raised, in a previous postconviction petition").

Mr. Loper contends that his ineffective assistance of appellate counsel claim was exhausted because it was "sufficiently related" to the claims he raised throughout his state court postconviction proceedings. *See* ECF No. 34, Pet'r's Objs. at 7 ("[Mr. Loper] has maintained throughout the entirety of the proceedings that he has been denied the effective aid of counsel—both at appellate and trial level—and that these errors contributed to others and resulted in a conviction in violation of federally protected constitutional rights.").[2] Mr. Loper further contends that even if his claims are procedurally defaulted, the Court can review them. A federal court cannot review *Knaffla*-barred claims on their merits unless habeas petitioner "is able to demonstrate either cause for his default and actual prejudice, or that the failure to consider his claims would result in a fundamental miscarriage of justice." *McCall v. Benson*, 114 F.3d 754, 758 (8th Cir. 1997). Mr. Loper argues that the alleged ineffectiveness of appellate

---

[1] The Magistrate Judge reached similar conclusions regarding Mr. Loper's ineffective assistance of trial counsel and prosecutorial misconduct claims. The Magistrate Judge found those claims unexhausted and procedurally barred under *Knaffla* because Mr. Loper knew of these claims after trial but did not raise them on appeal. The Court concurs with the Magistrate Judge's analysis as to these claims.

[2] Mr. Loper also argues that as a pro se petitioner, he should be excused for omitting some information about his claims in his petition for review before the Minnesota Supreme Court.

counsel, combined with Mr. Loper's alleged lack of adequate time in the prison law library, "caused" his claims to default, resulting in "actual prejudice" to Mr. Loper.

But even if the Court finds that Mr. Loper's ineffective assistance of counsel claim is exhausted and ripe for review, the Minnesota Court of Appeals' decisions denying relief on the merits of that claim was neither contrary to, or an unreasonable application of, clearly established federal law as determined by the United States Supreme Court. *See* 28 U.S.C. § 2254(d)(1).[3] Nor was the decision based on an unreasonable determination of the facts in light of the evidence adduced in state court. *See id.* § 2254(d)(2). Here, the Minnesota Court of Appeals applied the two-part test for evaluating ineffective assistance of counsel claims announced in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). *See Loper v. State*, No. A18-0194, 2018 WL 3826274, at *2-4 (Minn. Ct. App. Aug. 13, 2018), *review denied* (Sept. 26, 2018) (citing *Fratzke v. State*, 450 N.W.2d 101, 102 (Minn. 1990), which, in turn quoted the *Strickland* test). Further, the court's conclusions under the *Strickland* test were not unreasonable: namely, it was not unreasonable for the court to conclude that (1) appellate counsel's failure to adequately investigate the statement that Mr. Loper provided to law enforcement did not result in prejudice and (2) counsel's representation was not objectively unreasonable based on the fact that Mr. Loper's and counsel's communications were conducted over the telephone and through

---

[3] Section 2254(d)(1)-(2) provides that a federal court may not grant habeas relief unless the state court's decision was either "contrary to, or an unreasonable application of, clearly established federal law" as determined by the United States Supreme Court, or was "based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."

letters, rather than during a private consultation. *Id.* Accordingly, because the Minnesota Court of Appeals conclusions were not unreasonable, this Court may not grant habeas relief on the ineffective assistance of appellate counsel claim.

Next, Mr. Loper objects to the R&R's conclusion that the actual innocence exception does not apply to his procedurally defaulted claims. Mr. Loper's actual innocence theory relies on the affidavits of several individuals that, according to Mr. Loper, show that Mr. Loper did not live at the apartment above Z.C.S. during the summer of 2011. Mr. Loper argues that if he did not live at that particular apartment during the summer of 2011, he "could not possibly have committed this crime." Pet'r's Objs. 10. Mr. Loper also contends that the evidence contained in the affidavits would have "been a severe blow to Z.C.S. and her mother's credibility, as they both testified . . . that [the crime] happened in the summer of 2011." *Id.*

For the reasons set forth in the R&R, it is not likely that this evidence would have affected the outcome of Mr. Loper's trial. Additionally, even if Mr. Loper's affidavits show that he did not live at the apartment above Z.C.S. during the "summer of 2011," at least one of the affidavits indicates that he "visited" that address during the summer of 2011 and lived there "after the summer of 2011." *See* ECF Nos. 13-3, 28, Hennen and Krause Affs. The affidavits are therefore consistent with the conclusion that Mr. Loper visited or lived at the address in question during the period when the crime occurred.[4]

---

[4] The state trial court found that "Defendant's act occurred between January 1, 2011 and December 31, 2011." ECF No. 13-1, Resp't's App., Ex. 1 (Trial Ct. Order) at 21.

Mr. Loper also objects to the R&R's finding that Mr. Loper admitted to law enforcement that he lived at the address in question when the crime occurred. Mr. Loper states: "[Mr.] Loper admitted to being [at the address in question] 'at some point,' but that does not mean the point when Z.C.S. and her mother testified that [the crime] happened." Rather, Mr. Loper claims that he admitted to being at the address during "a different year and that he did not remember living there in the summer of 2011." But based on Mr. Loper's admissions to law enforcement,[5] a reasonable juror could find that Mr. Loper lived at the apartment above Z.C.S. during the time frame in which the crime occurred (*i.e.* between January 1, 2011 and December 31, 2011). Accordingly, even if Z.C.S. and her mother testified that the crime occurred during the summer of 2011, and Mr. Loper's admissions and affidavits establish that he did not live at the address in question until August 2011, Mr. Loper has not satisfied the "actual innocence" requirements articulated in *Schlup v. Delo*, 513 U.S. 298, 323-30 (1995). Therefore, Mr. Loper is not entitled to habeas relief on his procedurally defaulted claims.

Lastly, Mr. Loper requests a certificate of appealability ("COA"). A § 2254 habeas petitioner cannot appeal an adverse ruling on his petition unless he is granted a COA. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). To make such a showing, "[t]he petitioner must demonstrate that

---

[5] For example, in a June 2012 interview with law enforcement, after the officer explained that he was interested in events that occurred "last August" (*i.e.* August 2011), Mr. Loper admitted that he had lived at the apartment above Z.C.S. in "late August" and that he had wrestled with the victim and that his hand may have gone up her shirt.

5

reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. Daniel*, 529 U.S. 473, 484 (2000). Because reasonable jurists would not find the rejection of Mr. Loper's claims debatable or wrong, the Court declines to issue a COA.

Thus, the Court adopts the R&R. Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Jeremia Joseph Loper's Petition for a Writ of Habeas Corpus, ECF No. 1, be DENIED;

2. No certificate of appealability be issued;

3. This action be DISMISSED WITH PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY

Dated: July 17, 2019
        s/Joan N. Ericksen
        JOAN N. ERICKSEN
        United States District Judge